UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BARBARA ALBOM,

                Plaintiff,

-against-

POM RECOVERIES, INC.,

                Defendant.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 23 2004 ★

LONG ISLAND OFFICE

CLASS ACTION COMPLAINT

CV-04 1207

JOHNSON, J.
MANN, M.

Plaintiff, by and through her attorneys, Hauser & Associates, P.C., as and for his complaint against the Defendant, POM Recoveries, Inc., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in New York County, New York.

3. Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Lindenhurst, New York, County of Nassau.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the plaintiff to South Nassau Communities Hospital.

7. That at a time unknown to the plaintiff herein, the aforementioned debt was referred to the defendant for collection.

8. The defendant sent an initial collection letter to the plaintiff dated February 5, 2003 (copy attached hereto).

9. Plaintiff received said letter.

10. The defendant sent the above referenced mass produced and computer generated letter allegedly from defendant to the plaintiff.

11. That a mass-produced computer generated letter introducing the defendant as a professional collection agency representing the creditor.

12. Said letter includes a "validation notice" in its initial written communication with a consumer advising the consumer of his rights. However, the consumers rights are overshadowed by other statements reflected in Defendants communications.

13. Said letter states in bold print above the validation notice the following; **"PROVIDED YOU ARE QUALIFIED"** and then continues to advise the consumer of her right to dispute the validity of the debt for 30 days as per the requirement of the validation notice under the FDCPA.

14. In addition, merged in with the language in the validation notice is the following statement;

> "IF YOU FEEL THAT YOU MAY QUALIFY, PLEASE COMPLETE THE BACK PORTION OF THIS LETTER AND RETURN IT IN THE ENCLOSED ENVELOPE. IF YOU DO NOT QUALIFY, PLEASE ENCLOSE YOUR PAYMENT."

15. Said letter is deceptive in nature and fails to adhere to a specific requirement under the FDCPA in that it does not clearly communicate the consumers rights, but rather confuses the consumer with the impression that the right to dispute the claim is contingent upon and// or related to some "qualification."

16. That on or about February 13, 2004 defendant sent another mass produced, computer generated letter to the plaintiff. ( A copy of which is attached hereto.)

17. That said letter contains the following language;

"You have failed to make payment on this seriously past due debt.

### PAY THIS BILL NOW!!!

We have communicated with you on several occasions in attempt to have you meet your responsibility with regard to this account."

18. Said letter of February 13, 2004, sent only 8 days after the letter of February 5, 2004 demands that payment be made "now" thereby contradicting the plaintiff's thirty day right to dispute the debt as represented in the letter of February 5, 2004, and falsely represents to the consumer that "several" attempts had been made by the defendant to collect on the debt when if fact no more than two communications were attempted by the defendant.

19. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (g), e(10), and (f) in that the representations made by the defendant are confusing, misleading, deceptive, unfair and fail to advise the consumer of her legal rights as required by law.

20. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

### CLASS ALLEGATIONS

21. This cause of action is brought on behalf of plaintiff and the members of a class.

22. The class consists of consumers who received the same form letter, as did the plaintiff.

23. The Class consists of all persons whom Defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about February 5, 2003 as well as those who received an identical computer generated follow up letter within said thirty day period (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e(3) and 1692e(10) by engaging in deceptive practices and 1692g for contradicting and confusing the consumer as to his/her rights.

24. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

   (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

25. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

28. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in attempt to collect a debt;

    (b) Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in an attempt to collect a debt;

    (c) Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c) For such other and further relief as may be just and proper.

Dated: New York, New York
March 18, 2004

Hauser & Associates, P.C.
By: Amir J. Goldstein (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

Amir J. Goldstein (AG-2888)

P.O. Box 602  
Lindenhurst, NY 11757-0602

**P'O'M RECOVERIES, INC.**

Address Service Requested  
PERSONAL AND CONFIDENTIAL

P.O. Box 602  
Lindenhurst, NY 11757-0602  
New York City Department of  
Consumer Affairs Lic. No. 0975082

February 5, 2004

CLAIM OF:   SOUTH NASSAU COMMUNITIES HOSP

#BWNFTZF  
#POMC75665402043#  
BARBARA ALBOM           01796056 - 51  
P.O.BOX 754  
WAINSCOTT, NY 11975-0754

ACCOUNT#:   003372261       /DOA=121702  
FILE#:      01796056

BALANCE DUE: $           387.90

ASK FOR REPRESENTATIVE: 51  
at (631) 761-1041

We represent the above named creditor. Their records indicate that you have FAILED to make payment on a past due debt for the amount indicated above. WE ARE PROFESSIONAL COLLECTION AGENCY ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.

This debt may be covered entirely or in part by your insurance carrier (e.g. Blue Cross/Blue Shield, Medicare/Medicaid, your union or other)

PROVIDED YOU ARE QUALIFIED

IF YOU FEEL THAT YOU MAY QUALIFY, PLEASE COMPLETE THE BACK PORTION OF THIS LETTER AND RETURN IT IN THE ENCLOSED RETURN ENVELOPE. IF YOU DO NOT QUALIFY, PLEASE ENCLOSE YOUR PAYMENT. UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITH IN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

POM Recoveries, Inc.

---

Send this portion of the notice back with your payment to ensure proper credit.

MAKE CHECK OR MONEY ORDER PAYABLE TO:   P'O'M RECOVERIES, INC.  
PO BOX 602  
LINDENHURST, NY 11757

FOR VISA/MASTERCARD PAYMENT SEE REVERSE SIDE OF THIS LETTER.

File#: 01796056 - 51  
POM RECOVERIES, INC.  
P.O. BOX 602  
LINDENHURST, NEW YORK 11757-0602

BARBARA ALBOM  
P.O. BOX 754  
WAINSCOTT, NY 11975-0754  
ALBOM, BARBARA

AMOUNT: $       387.90

JLUB.POM0319.2.02/04/04A.0009-97

PO BOX 602  
Lindenhurst, NY 11757-0602

P'O'M RECOVERIES, INC.  
PO BOX 602  
Lindenhurst, NY 11757-0602

Address Service Requested  
PERSONAL AND CONFIDENTIAL

New York City Department of  
Consumer Affairs Lic. No. 0975082

February 13, 2004

#POMB70249402122#  
#BWNFTZF  
BARBARA ALBOM          01796056-51  
P.O. BOX 754  
WAINSCOTT, NY 11975-0754

BALANCE DUE: $     387.90

You have failed to make payment on this seriously past due debt.

### PAY THIS BILL NOW!!!

WE HAVE COMMUNICATED WITH YOU ON SEVERAL OCCASIONS IN AN ATTEMPT TO HAVE YOU MEET YOUR RESPONSIBILITY WITH REGARD TO THIS ACCOUNT.

WE ARE A PROFESSIONAL COLLECTION AGENCY ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.

| CREDITOR | ACCOUNT# | | AMOUNT DUE |
|---|---|---|---|
| SOUTH NASSAU COMMUNITIES HOSP | 003372261 | /DOA=121702 | 387.90 |

Total.................> 387.90

For inquiries please call representative 51 at (631) 761-1041

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Send this portion of the notice back with your payment to ensure proper credit.

**MAKE CHECK OR MONEY ORDER PAYABLE TO: P'O'M RECOVERIES**

**PAYMENT BY CREDIT CARD:** Please charge this to my (__) VISA     (__) MASTERCARD

Card Number: _____     Name on Card: _____

Expiration Date: _____ / _____     Amount to Charge to Card: $_____

Signature: _____     Date: _____

Please include file # on all correspondence.

File #: 01796056-51  
POM RECOVERIES, INC.  
PO BOX 602  
LINDENHURST, NY 11757-0602

BARBARA ALBOM  
P.O. BOX 754  
WAINSCOTT, NY 11975-0754  
ALBOM, BARBARA  
SOUTH NASSAU COMMUNITIES HOSP

AMOUNT  $  387.90

TJ00.POM024.7.02/1204B.00002 2